UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SECURITIES AND EXCHANGE                     JUDGMENT
COMMISSION,                                 13-CV- 5113 (DLI)

                            Plaintiff,

   -against-

FREDERICK D. SCOTT,

                            Defendant.

--------------------------------------------------------X

      An Order of Honorable Dora L. Irizarry, United States District Judge, having been filed on November 5, 2015, adopting the Report and Recommendation of Magistrate Judge Vera M. Scanlon, dated July 15, 2015; granting the SEC's motion for default judgment; ordering that Defendant disgorge $375,000.00 in ill-gotten profits gained as a result of the conduct alleged in the complaint, which disgorgement amount is deemed satisfied by the Order of Restitution, in the amount of $1,338,190.00, entered in the parallel criminal action *United States v. Scott*, No. 13-cr-520(RRM)(CLP) (E.D.N.Y. Apr. 15, 2014) (Dkt. Entry No. 37); further, ordering that in accordance with the terms of the revised proposed final judgment as to Defendant Frederick D. Scott (see Dkt. Entry No. 17), Defendant is permanently enjoined from further violating federal securities laws and is prohibited from acting as an officer or director of any publicly held company; and the revised proposed final judgment filed under Dkt. Ent. No. 17 is SO ORDERED; and directing the Clerk of Court to enter judgment in favor of SEC; it is

        ORDERED and ADJUDGED that Plaintiff Securities and Exchange Commission's motion for default judgment is granted; and that it is further,

**JUDGMENT** 13-CV-5113 (DLI)

ORDERED, ADJUDGED and DECREED that Defendant Frederick D. Scott disgorge $375,000.00 in ill-gotten profits gained as a result of the conduct alleged in the complaint, which disgorgement amount is deemed satisfied by the Order of Restitution, in the amount of $1,338, 190.00, entered in the parallel criminal action *United States v. Scott*, No. 13-cr-520 (RRM)(CLP) (E.D.N.Y. April 15, 2014) (Dkt. Entry No. 37); and that it is further,

ORDERED, ADJUDGED AND DECREED that a permanent injunction is hereby entered that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained andenjoined from violating, directly or indirectly, Section 10(b) of hte Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; and that it is further,

ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with

**JUDGMENT** 13-CV-5113 (DLI)

them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; and that it is further,

ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating and/or aiding and abetting the violation of Section 203A of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-3a] by causing an investment adviser to register with the Commission as an investment adviser when it is ineligible to do so; and that it is further,

ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with

**JUDGMENT** 13-CV-5113 (DLI)

them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to willfully make an untrue statement or a material fact in any registration application or report filed with the Commission under Section 203 or 204 of the Advisers Act [15 U.S.C. §§ 80b-3, 4], or do willfully omit to state in any such application or report any material fact which is required to be stated herein; and that it is further,

ORDERED, ADJUDGED AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and that it is further,

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Brooklyn, New York  
       November 12, 2015

Douglas C. Palmer  
Clerk of Court

by: */s/ Janet Hamilton*  
     Deputy Clerk